# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTON EASTMAN, # 992948-083 | * | |
| Plaintiff | * | |
| | * | |
| v | * | Civil Action Case No. CCB-10-2389 |
| | * | |
| WARDEN, BALTIMORE CITY | * | |
| DETENTION CENTER | * | |
| and | | |
| OFFICER W. BOST | | |
| Defendants | * | |

***

## MEMORANDUM

Before the court is Anton Eastman's complaint pursuant to 42 U.S.C. § 1983. Counsel for defendants, the Warden of the Baltimore City Detention Center and Officer Wendell Bost, moves for dismissal and has filed memoranda in support.[1] For reasons to follow, the court shall grant the motion to dismiss.

**I. Introduction**

Eastman, who is self-represented, alleges that on July 24, 2010 he was stabbed six or more times while an inmate at the Baltimore City Detention Center. Eastman claims the assault occurred in the east day room in an unnamed section of the detention center. He alleges that when he sought the assistance of the correctional officer, he was not there. As a result, Eastman claims that he was "bleeding for minutes before help arrived." Complaint, Statement of Claim, p. 7. Eastman later identified the correctional officer as Wendell Bost,[2] the K-Section day shift officer. He requests $1 million for pain and suffering. Eastman acknowledges that he did not

---

[1] Eastman was provided notice of the dispositive motion and his opportunity to reply in pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), but has not filed a reply.

[2] Counsel's memorandum of law indicates the officer's last name is properly spelled "Bost," not "Boste" as is spelled by Eastman. ECF No. 13, p. 3.

seek redress for his complaints through the BCDC administrative grievance process. Complaint, Administrative Proceedings, p. 5.

**II. Standard of Review**

A motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of a complaint, *Jordan v. Alternative Resources Corporation*, 458 F.3d 332, 338 (4th Cir.2006), and is considered with the assumption that the facts alleged are true, *See Eastern Shore Mkts, Inc. v. J.D. Assocs. Ltd. Partnership*, 213 F.3d 175, 180 (4th Cir. 2000). Rule 12(b) (6) authorizes a court to dismiss any complaint that does not state a claim "upon which relief can be granted."

Rule 8(a) (2) of the Federal Rules of Civil Procedure requires only a "short and plain statement." "A complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *See Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations contained in a complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. Thus, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id*.

The court recognizes that plaintiff is proceeding pro se and construes his filings liberally. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The court may not, however, act as an

2

inmate's advocate, developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985); s*ee also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978) (noting that courts are not expected to assume the role of advocate for the pro se plaintiff).

### III. Discussion

#### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 (PLRA) requires that "prisoners ... exhaust such administrative remedies as are available prior to filing suit in federal court." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (internal quotation marks omitted) (quoting 42 U.S.C. § 1997e(a)). The PLRA applies to "all inmate suits about prison life, whether they involved general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Before bringing suit in federal court, "a prisoner must have utilized all available remedies 'in accordance with the applicable procedural rules,' so that prison officials have been given an opportunity to address the claims administratively." *Moore*, 517 F.3d at 725 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88(2006)). Exhaustion is mandatory and unexhausted claims may not be brought in court. *See Jones v. Bock*, 549 U.S. 199, (2007). A district court may sua sponte "dismiss [ ] a complaint where the failure to exhaust is apparent from the face of the complaint" as long as the inmate is provided the "opportunity to respond to the issue" prior to dismissal. *Anderson v. XYZ Correctional Health Services., Inc*., 407 F.3d 674, 683 (4th Cir. 2005). Eastman is required under the PLRA to properly exhaust all administrative remedies prior to filing suit and has failed to do so. Even were this matter not dismissible for failure to exhaust administrative remedies,

3

the complaint would be dismissed on other grounds.

B. Liability of the Warden

To the extent Eastman intends to raise a claim against the Warden of the Baltimore City Detention Center, the complaint makes no allegations of any personal involvement by the Warden in the incident on which this case is predicate. Section § 1983, "is not itself a source of substantive rights but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Eastman fails to identify any "specific constitutional right" allegedly infringed by the Warden. He raises no allegations in the complaint against the Warden. To the extent Eastman might intend to premise liability based on respondeat superior, supervisory liability does not apply in § 1983 proceedings. *See Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978); *Love-Lane v. Martin,* 355 F.3d 766, 782 (4th Cir. 2004). Absent any allegation of personal involvement or unconstitutional policy or custom, there is no legal basis to find the Warden liable.

C. Failure to State a Claim

Eastman alleges that when he was stabbed in the BCDC dayroom, it took "minutes" for help to arrive. "The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).[3] However, not every injury suffered by one inmate at the hands of other

---

[3] Although the conditions of confinement of pretrial detainees are evaluated under the Fourteenth Amendment, rather than the Eighth Amendment, which protects the rights of convicts, the analysis of a detainee's claim mirrors that of a convict's claim. *See Bell v. Wolfish*, 441 U.S. 520, 535-38(1979) (holding that claims of pre-trial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment); *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir.1988). The due process rights of pre-trial detainees are "at least as great as the Eighth Amendment protections available to a convicted prisoner." *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 244 (1983). As a practical matter, pretrial detainees' rights under the Due Process Clause are coextensive with the

inmates constitutes liability for the prison officials responsible for the victim's safety. *Id*. at 835. A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Id*. at 828. "[A] prison official may be held liable under the Eighth Amendment ... only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. The question is not whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregarded that risk. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id. at 837. The Eighth Amendment is not violated by the negligent failure to protect inmates from violence. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

In this case, Eastman does not assert that Officer Bost knew of a substantial risk of harm or deliberately disregarded such a risk. The only complaint lodged is that Officer Bost took "minutes" to come to Eastman's assistance after the stabbing. Eastman's allegation does not amount to a claim of constitutional dimension and the claim will be dismissed.

### IV. Conclusion

For the aforementioned reasons, the court shall grant defendants' motion to dismiss. A separate order follows.

January 21, 2011 /s/
Date Catherine C. Blake
United States District Judge

---

Eighth Amendment protections applicable to convicted inmates. *See, e.g., Hill v. Nicodemus*, 979 F.2d 987, 991-92 (4th Cir.1992).